OPINION OF THE COURT
Per Curiam.
Order entered January 8, 1986 modified, by reversing so much thereof as precluded defendant from asserting a "shop right” defense at trial; as modified, order affirmed, without costs.
Plaintiff, a New York Telephone Company managerial employee, seeks damages for the company’s failure to compensate her for development of a procedure to streamline the system for terminating service to nonpaying residential subscribers. Plaintiff claims to have developed the proposal entirely on her own time and with her own resources. She submitted it to her supervisor, who approved her idea and indicated that it would be passed along to the appropriate department for review. Plaintiff subsequently learned that her proposal had been adopted on a company-wide basis, without credit or remuneration to her.
We affirm so much of the order appealed from as denied defendant’s motion for summary judgment dismissing the complaint. The record discloses viable causes of action in implied contract or, in the alternative, unjust enrichment predicated upon quasi contract. As to the former, plaintiff alleges that there exists a company policy of compensation for suggestions by employees, and that she timely demanded compensation at or about the time her idea was disclosed (see, Schonwald v Burkart Mfg. Co., 356 Mo 435, 202 SW2d 7). Issues of fact exist as to those allegations. Even absent proof of an express or implied contract, defendant may nevertheless be held liable in quasi contract "if the circumstances make it inequitable for the defendant to profit from the use of plaintiff’s idea or material” (Werlin v Reader’s Digest Assn., 528 F Supp 451, 465 [SDNY 1981]). In order to demonstrate that defendant was enriched, plaintiff must prove (a) that the idea *635 was novel; (b) that the idea was concrete; and (c) that the idea was actually appropriated by defendant and used in its business (supra). These issues require exploration at a trial.
We disagree with so much of the order below as precluded defendant from asserting a "shop right” defense at trial against plaintiffs claim for unjust enrichment. The "shop right” rule has been stated thusly: "when one is in the employ of another in a certain line of work, and devises an improved method or instrument for doing that work, and uses the property of his employer and the services of other employés to develop and put in practicable form his invention, and explicitly assents to the use by his employer of such invention, a jury, or a court trying the facts, is warranted in finding that he has so far recognized the obligations of service flowing from his employment and the benefits resulting from his use of the property, and the assistance of the coemployés, of his employer, as to have given to such employer an irrevocable license to use such invention” (Solomons v United States, 137 US 342, 346). Special Term, erroneously in our view, ruled that there was no record evidence to support a "shop right” defense because defendant did not allege that plaintiff originated and worked on her system during working hours or with defendant’s materials. However, our examination of the pleadings and deposition testimony of defendant’s witness, as well as the proposal itself, satisfies us that questions of fact as to the use of the defendant’s resources and time are raised in the record. Also, on the issue of publication, there is a question as to whether plaintiff submitted her proposal voluntarily or gratuitously, without expectation of compensation, or upon a more limited and confidential basis.
Hughes, P. J., Riccobono and Sandifer, JJ., concur.